UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE GREENMAN, *derivatively on behalf of* MILLMAN LLC,<br><br>                          **Plaintiff,**<br><br>-against-<br><br>LARRY MILLER,<br><br>                          **Defendant, and**<br><br>MILLMAN LLC,<br><br>                          **Nominal Defendant.** | 1:25-cv-06282 (ALC)<br><br><u>**ORDER TO SHOW CAUSE**</u> |

**ANDREW L. CARTER, JR., United States District Judge:**

On July 30, 2025, this case was removed to federal court on the basis of diversity jurisdiction by Defendant Larry Miller ("Miller"). ECF No. 1. In the Notice of Removal, Miller asserts that complete diversity exists because Plaintiff Jane Greenman ("Greenman") resides in New York, Miller resides in Florida, and Millman LLC is a nominal defendant and therefore its citizenship is irrelevant. *See id.* ¶ 4. While Millman LLC may be a nominal defendant, it is also the party on whose behalf Greenman commenced this derivative action. *See* ECF No. 1-1 (Complaint); *id.* ¶¶ 89–98 (asserting both causes of action on Millman LLC's behalf).

"In a derivative suit . . . the LLC's citizenship should be taken into account for purposes of determining the presence of diversity jurisdiction." *Atanasio v. O'Neill*, 235 F. Supp. 3d 422, 425 (E.D.N.Y. 2017). And the LLC takes the citizenship of all its members. *See Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) ("Defendant Aladdin is a limited liability company that takes the citizenship of each of its members.").

1

This Court has an obligation to examine its subject matter jurisdiction *sua sponte*. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). For a court to exercise diversity jurisdiction, there must be complete diversity of citizenship between all plaintiffs and all defendants. *See Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014). In this case, both Greenman and Miller are members of Millman LLC. *See* ECF No. 1-1 ¶¶ 1, 11, 12. Accordingly, Millman LLC shares citizenship with both parties.

The Court hereby **ORDERS** that on or before **August 18, 2025**, Defendant Miller must show cause, by affidavit, why this case should not be remanded for lack of subject matter jurisdiction. Plaintiff Greenman shall have until **August 25, 2025** to file an opposition, if any, to the submission of Defendant Miller.

Defendant Miller shall serve a copy of this order to show cause on Plaintiff Greenman no later than **August 11, 2025**. Defendant Miller shall file proof of service by that same date.

All existing case deadlines are hereby **STAYED** pending the Court's determination on subject matter jurisdiction. If upon review of Defendant Miller's affidavit the Court determines that it possesses subject matter jurisdiction, the action may proceed, and the Court will then set new case deadlines.

**SO ORDERED.**

**Dated: August 4, 2025**
   **New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**